UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| JTH TAX LLC, d/b/a LIBERTY TAX SERVICES, f/k/a JTH TAX, INC., <br><br> Plaintiff, <br><br> v. <br><br> TIFFANY ROBERTSON, <br><br> Defendant. | CIVIL ACTION NO. 4:21-CV-00082-JPB |

## ORDER

This matter is before the Court on JTH Tax LLC's ("Plaintiff") Motion to Dismiss [Doc. 14]. This Court finds as follows:

## BACKGROUND

Plaintiff is one of the largest tax franchisors in the United States. [Doc. 1, p. 4]. In September 2015 and May 2016, Tiffany Robertson ("Defendant") and Plaintiff entered into two different franchise agreements for territories located in Alabama. Id. at 5. Pursuant to the franchise agreements, Plaintiff provided Defendant "with training in franchise operation, marketing, advertising, sales, and business systems." Id. at 6. Defendant also received access to Plaintiff's confidential information. Id. In exchange, Defendant agreed to, among other things, pay monthly royalties and fees and exercise her best efforts to promote her

Liberty Franchises.  Id.  Throughout the course of the parties' relationship, Defendant executed two promissory notes in favor of Plaintiff, promising to repay $40,000 and $12,635, respectively.  Id. at 7.

The franchise agreements were for terms of five years.  Id. at 5.  Before the franchise agreements expired, the parties signed a Mutual Termination Agreement ("Termination Agreement") whereby Plaintiff agreed to terminate the franchise agreements early and forgive Plaintiff's debt in exchange for Defendant's compliance with all post-termination obligations.  Id. at 9.  The post-termination obligations required Defendant to cease using Plaintiff's trademarks and return all client files and confidential information.  Id. at 11.  Plaintiff alleges that despite entering into the Termination Agreement, Plaintiff continued using the trademarks and retained the confidential information.  Id. at 10.

As stated above, as part of the Termination Agreement, Plaintiff agreed to terminate Defendant's debt.  [Doc. 10, p. 4].  Specifically, Plaintiff agreed to forgive half of Plaintiff's debt immediately.  Id.  Forgiveness of the other half of Plaintiff's debt was conditioned upon Defendant's two former franchises meeting certain "Target Revenue Stipulations."  Id.  In essence, the amount of debt that would be forgiven was tied directly to the performance of the former franchises with more debt being forgiven for better performance.  According to Defendant,

Plaintiff failed to operate the franchises in the same way they were operated prior to the Termination Agreement, and as a result, the franchises did not perform well. Id. at 5.

Plaintiff filed suit against Defendant on April 19, 2021, alleging the following causes of action:  (1) Breaches of the Franchise Agreements and Termination Agreement (Equitable Claim); (2) Breaches of the Franchise Agreements and Termination Agreement (Monetary Claim); (3) Fraud in the Inducement; (4) Violation of Defend Trade Secrets Act of 2016; and (5) Common Law Conversion.  [Doc. 1].  On May 28, 2021, Defendant filed a Counterclaim for Breach of Contract.  [Doc. 10].  On June 15, 2021, Plaintiff moved to dismiss the counterclaim.  [Doc. 14].  The motion is now ripe for review.

## LEGAL STANDARD

In evaluating a motion to dismiss counterclaim brought under Federal Rule of Civil Procedure 12(b)(6), the court must accept the non-moving party's well-pleaded facts as true and construe them in the light most favorable to that party. Traylor v. P'ship Title Co., 491 F. App'x 988, 989 (11th Cir. 2012).  Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although detailed factual allegations are not necessarily required, the pleading must contain

more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Importantly, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (citation omitted).

## DISCUSSION

In its Motion to Dismiss, Plaintiff argues that the counterclaim should be dismissed because: (1) Plaintiff did not promise to operate the former franchises in any particular manner; (2) Defendant committed a material breach of the Termination Agreement first; and (3) a claim based on the breach of the duty of good faith and fair dealing is not viable. Each argument is discussed below.

1. No promise to operate in a particular manner

Plaintiff argues that dismissal of the counterclaim is required because the Termination Agreement does not contain any express provisions related to how Plaintiff must operate the former franchises. In Virginia,[1] the elements of a breach of contract claim are as follows: "(1) a legally enforceable obligation of a defendant to a plaintiff, (2) the defendant's violation or breach of that obligation,

---

[1] The Termination Agreement provides that "Virginia law governs all claims which in any way relate to or arise out of this Agreement or any of the dealings of the parties hereto." [Doc. 10-1, p. 6].

4

and (3) resulting injury or harm to the plaintiff." Enomoto v. Space Adventures, Ltd., 624 F. Supp. 2d 443, 449 (E.D. Va. 2009).

As stated above, Plaintiff argues that it has no legally enforceable obligation to run the former franchises in any particular manner. This Court agrees with Plaintiff that the Termination Agreement does not contain any express provisions regarding the operation of the former franchises. Importantly, however, the absence of those express provisions is not fatal to the counterclaim because Defendant contends that Plaintiff breached the Termination Agreement by violating the implied duty of good faith and fair dealing. Specifically, Defendant contends that Plaintiff failed to act in good faith when it shortened the franchises' hours, failed to advertise the franchises and failed to employ "wavers" in front of the franchises. Ultimately, Defendant's counterclaim for breach of contract is not subject to dismissal because Defendant has sufficiently alleged a breach of contract via a violation of the duty of good faith and fair dealing. Therefore, to the extent Plaintiff seeks dismissal of the counterclaim on this basis, the motion is **DENIED**.

2. The First Breach Doctrine

Plaintiff alternatively argues that the counterclaim should be dismissed because Defendant breached the Termination Agreement first. In Virginia, it is true that "[t]he first party to materially breach a contract cannot enforce it."

Denton v. Browntown Valley Assocs., 803 S.E.2d 490, 497 (Va. 2017).  Not only is the first party to breach not entitled to enforce the contract, but the party cannot "maintain an action thereon" against the other party for its subsequent failure to perform.  Hurley v. Bennett, 176 S.E.171, 175 (Va. 1934).

In consideration of a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), the court's analysis is generally limited to the "four corners of the counterclaim."  Jackson v. Nat'l Life Ins. Co. v. Sun Coast Tr. Co., No. 8:18-cv-1401-23AAS, 2019 WL 1787491, at *6 (M.D. Fla. Apr. 24, 2019).  After reviewing the counterclaim, and accepting those allegations as true, there is no indication that Defendant breached the Termination Agreement first or even at all.  Those allegations are found in Plaintiff's Verified Complaint—a separate pleading.  Because this Court's review is limited to the four corners of the counterclaim, it is improper to consider Plaintiff's allegations, especially since they have not yet been adjudicated in any way and denied by Defendant in her Answer.  In sum, where this Court must assume the truth of the allegations contained in the counterclaim, it cannot find that Defendant breached the Termination Agreement first.  To the extent Plaintiff seeks dismissal of the counterclaim because Defendant breached the Termination Agreement first, Plaintiff's motion is **DENIED**.

### 3. Implied Duty of Good Faith and Fair Dealing

In Plaintiff's final argument, Plaintiff recognizes that Defendant's counterclaim "attempts to establish a breach of the Termination Agreement by suggesting that [Plaintiff] violated an implied duty of good faith and fair dealing with respect to the Termination Agreement." [Doc. 14, p. 7]. Plaintiff then argues that this is a "precarious theory of liability" and not supported by law. Id. At bottom, Plaintiff submits that there is no implied covenant of good faith when an express contract exists. This Court disagrees.

Under Virginia law, "every contract contains an implied covenant of good faith and fair dealing." Enomoto, 624 F. Supp. 2d at 450. Significantly, however, "no implied duty arises with respect to activity governed by *express* contractual terms." Skillstorm, Inc. v. Elec. Data Sys., LLC, 666 F. Supp. 2d 610, 620 (E.D. Va. 2009) (emphasis added). In other words, "a party does not breach implied duties where it exercises its rights created under the contract." Id.

Defendant's counterclaim is properly pled because she does not seek redress merely for Plaintiff's unfavorable exercise of its explicit contractual rights. In fact, Plaintiff has not directed this Court to any contractual provision which explicitly or expressly authorized it to run the former franchises in any manner they saw fit. Cf. id. (determining that the plaintiff could not bring a breach of an implied covenant

claim for prematurely terminating purchase orders because the contract expressly authorized the termination of purchase orders for any reason whatsoever). Where, as here, the Termination Agreement does not give Plaintiff explicit contractual rights concerning the operation of the former franchises, the implied covenant of good faith and fair dealing is applicable. Accordingly, to the extent Plaintiff seeks dismissal of the counterclaim on this basis, the motion is **DENIED**.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Dismiss [Doc. 14] is **DENIED**.

**SO ORDERED** this 22nd day of November, 2021.

J. P. BOULEE
United States District Judge